JOSEPH A. SUROWIEC, PLAINTIFF-RESPONDENT, v. LENA
DIUK, AMENDED TO READ MICHALINA DIUK, DE-
FENDANT-APPELLANT.

Submitted January 19, 1944—Decided March 23, 1944.

Before Justices CASE, DONGES and PORTER.

For the plaintiff-respondent, *Clancy & Murphy.*

For the defendant-appellant, *Frederick Jay* (*Benjamin M. Ratner,* of counsel).

The opinion of the court was delivered by

PORTER, J.   This appeal brings up for review a judgment, rendered by the trial judge in the District Court of the Second Judicial District of Essex County, upon a verdict directed by him for $500 in favor of the plaintiff and against the defendant.

From the state of case, settled by the court, it appears that the action was brought to recover a brokerage commission of $500 for the sale made by the plaintiff for the defendant of the latter's premises at 68 Grove Terrace, Irvington, New Jersey, pursuant to a written authorization to sell the premises for the sum of $13,700 and agreeing to pay plaintiff a commission of $500.   It further appears that the plaintiff negotiated the sale of the property for $13,700 to one Joseph Bindl.   A deposit of $100 on account of the purchase price was made, and a receipt setting forth the terms of the transaction was signed by the defendant.   This occurred on October

28th, 1942, and the receipt bore that date. The defendant telephoned the plaintiff the next day that she did not want to sell the property and that she was going to keep it for investment. She also so advised Bindl. She testified that she had entered into the transaction on October 28th with the understanding that if she decided the next day not to sell, the purchaser would cancel the contract and accept a return of the deposit. Bindl, apparently, was not present when this transaction took place although it was done in his name by his wife who paid the deposit and received the receipt in the presence of the plaintiff. The plaintiff testified that no such agreement had been made.

We conclude that there was a disputed question of fact and that there were proofs from which the trial court was justified in finding that a purchaser had been produced by the plaintiff ready, willing and able to buy on the terms agreed to and that a valid contract of sale had been entered into. This court may not weigh the evidence, and where there is legal evidence to support the judgment it may not be disturbed. Factual questions are for the sole determination of the trial court where, as here, there was no jury. *R. S.* 2:32–202; *de Bourbon* v. *Costanzo,* 126 *N. J. L.* 425. In the absence of an agreement to the contrary a broker is entitled to his commission when, as found in this case, he produces a customer able and willing to buy on terms satisfactory to the owner. *Crowley* v. *Myers,* 69 *N. J. L.* 245; *Dickinson* v. *Walters,* 100 *Id.* 62; *Freeman* v. *Van Wagenen,* 90 *Id.* 358; *Hatch* v. *Dayton,* 130 *Id.* 425.

The judgment is affirmed, with costs.